## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

Jeannie Marie Loeffler,                                    Civil No. 13-cv-2060 (MJD/TNL)
                     Plaintiff,

v.

City of Anoka, *et al.*,                                          **ORDER**
                     Defendants.

Jonathan A. Strauss, Sapientia Law Group, PLLC, 120 South Sixth Street, Suite 100, Minneapolis, MN 55402 (for Plaintiff);

Nathan N. LaCoursiere, Duluth City Attorney's Office, 410 City Hall, 411 West First Street, Duluth, MN 55802 (for Defendant Rebecca Kopp).

The above-entitled matter came before the Court upon the Report and Recommendation of the United States Magistrate Judge Tony N. Leung dated October 25, 2016.   Plaintiff has objected to the Magistrate Judge's recommendation that Defendant Rebecca Kopp's motion to dismiss be granted.

Pursuant to statute, the Court has conducted a de novo review of the record.  28 U.S.C. § 636(b)(1); Local Rule 72.2(b).  Based on the Court's de novo review the Court will adopt the Report and Recommendation.

Plaintiff has cited no controlling authority to support her position that waiting to name Rebecca Kopp as a defendant due to inadequate knowledge is a

"mistake" as contemplated in Fed. R. Civ. P. 15(c)(1)(C)(ii) (allowing an

amendment to relate back if the defendant "knew or should have known that the

action would have been brought against it, but for a mistake concerning the

proper party's identity).  The decision of the United States Supreme Court in

Krupski v. Costa Crociere S.P.A. addresses "mistake" as used in Rule 15 (c) as

"[a]n error, misconception, or misunderstanding; an erroneous belief."  560 U.S.

538, 548 (2010).  Here, Plaintiff chose to sue an "unnamed Duluth officer" not

because of an error, misconception or misunderstanding.  She did so because at

the time she filed suit, she did not have confirmation that Rebecca Kopp was the

Duluth officer that accessed her private data.

        The Eighth Circuit has recognized that an amended complaint identifying

a defendant by name "ordinarily will not be treated as relating back to the prior

pleading, unless certain conditions set forth in Fed. R. Civ. P. 15(c) are satisfied."

Foulk v. Charrier, 262 F.3d 687, 696 (8th Cir. 2001) (citing Barrow v. Wethersfield,

66 F.3d 466, 467 (2d Cir. 1995) in which the court found that John Doe pleadings

cannot be used to circumvent statutes of limitations)).  And as the Magistrate

Judge noted, many recent decisions from this District have held that when a

plaintiff substitutes a Doe defendant for a named defendant, the amendment

does not relate back under Rule 15(c)(1)(C)(ii).  (Report and Recommendation at

8-9.)[1]

     This Court also agrees with the conclusion of the Magistrate Judge that

equitable tolling of the statute of limitations is not warranted in this case.  The

doctrine of equitable tolling "permits a plaintiff to sue after the statutory time

period has expired if [s]he has been prevented from doing so due to inequitable

circumstances."  Firstcom, Inc. v. Qwest Corp., 555 F.3d 669, 675 (8th Cir. 2009).

"But equitable tolling offers 'an exceedingly narrow window of relief' and courts

'rarely invoke doctrines such as equitable tolling to alleviate a plaintiff from a

loss of his right to assert a claim.'"  Kost v. Hunt, 983 F. Supp. 2d 1121, 1130 (D.

Minn. 2013) (citing Firstcom, 555 F.3d at 675).

     This matter was filed on July 30, 2013, and the statute of limitations ran on

Plaintiff's claims against Rebecca Kopp on September 19, 21 and 30, 2013 and

June 1, 2014 – four years from the dates she accessed Plaintiff's driver's license

information.  Shortly after commencing this action, numerous motions to dismiss

were filed by the named defendants, including a motion by the City of Duluth,

---

[1] Since the Report and Recommendation was issued, two additional decisions were filed in this District holding that motions substituting a Doe defendant for a named defendant do not relate back.  See Karasov v. Caplan Law Firm et al., No. 14-cv-1503, 2016 WL 6836930 (D. Minn. Nov. 18, 2016); Rollins v. City of Albert Lea et al., 14-cv-299, 2016 WL 6818940 (D. Minn. Nov. 17, 2016).  In addition, the

Rebecca Kopp's employer.  By Order dated September 9, 2014, the City of

Duluth's motion was granted, yet Plaintiff did not file a motion for discovery

relative to whether Rebecca Kopp accessed her driver's license data until

November 6, 2015.  Once the motion for discovery was granted, Plaintiff did not

file a motion to amend her complaint until two months later.  Under these

circumstances, the Court finds that Plaintiff was not diligent in pursuing her

rights with respect to asserting a claim against Rebecca Kopp.  In addition,

Plaintiff points to no evidence by which to conclude that the City of Duluth or

Rebecca Kopp engaged in inequitable conduct that prevented Plaintiff from filing

a timely claim against Kopp.  Accordingly, the Court finds that Plaintiff's claims

against Kopp are time-barred.

**IT IS HEREBY ORDERED** that:

1. Defendant Rebecca Kopp's Motion to Dismiss Pursuant to Fed. R. Civ.

   P. 12(b)(6), (ECF No. 156) is **GRANTED.**

2. This matter is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Date:   January 12, 2017            s/ Michael J. Davis_____
                                    Michael J. Davis
                                    United States District Court